

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LARRY CASSITY,<br><br>    Petitioner,<br><br>    v.<br><br>KEVIN R. CHAPPELL,<br><br>    Respondent. | No. ED CV 14-0693-SJO (DFM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR LACK OF JURISDICTION |

## INTRODUCTION

On April 8, 2014, Petitioner filed the instant Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. In the Petition, Petitioner seeks to challenge his state court conviction and sentence for second-degree robbery in San Bernardino County Superior Court, Case No. FSB-09120. Petition at 2. Specifically, Petitioner asserts that his sentence of 30 years to life violates unspecified constitutional rights because California's Three Strikes Law was amended in 2012 to its "original terms" under which the trial court's finding that he had sustained prior serious felony and/or strike convictions was erroneous as a matter of law. Petition at 5,

Exhs. A-D. For the reasons set forth below, the Petition is dismissed without prejudice for lack of jurisdiction.

## PRIOR PROCEEDINGS

On May 7, 1996, Petitioner was convicted in San Bernardino County Superior Court (Case No. FSB-09120) of one count of second-degree robbery in violation of California Penal Code § 211. Petition at 2. Petitioner was sentenced to 30 years to life. Id.

On October 3, 2001, Petitioner filed the first of two prior petitions for writ of habeas corpus in this Court, Larry Cassity v. Gail Lewis, Warden, Case No. ED CV 01-7031 RT (FMO) ("First Prior Petition"), challenging his 1996 conviction and sentence. On June 17, 2002, the First Prior Petition was dismissed with prejudice as untimely. See Report and Recommendation of United States Magistrate Judge, filed on May 21, 2002, at 2 & 10, Larry Cassity v. Gail Lewis, Warden, Case No. ED CV 01-7031 RT (FMO); see also Judgment at 1, Larry Cassity v. Gail Lewis, Warden, Case No. ED CV 01-7031 RT (FMO).

On August 11, 2006, Petitioner filed a second petition for writ of habeas corpus in this Court, Larry Cassity v. James A. Yates, Warden, Case No. ED CV 06-0872 JSL (FMO) ("Second Prior Petition"), also challenging his 1996 conviction and sentence. On August 18, 2006, the Second Prior Petition was summarily dismissed without prejudice for lack of jurisdiction because it was a second or successive petition and Petitioner had not obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition. See Order Summarily Dismissing Petition for Lack of Jurisdiction, filed on August 18, 2006, at 1 & 3, Larry Cassity v. James A. Yates, Warden, Case No. ED CV 06-0872 JSL (FMO).

## DISCUSSION

The present Petition is governed by the provisions of the Antiterrorism

and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244 (b)(1)-(3); see also Rule 9(b) of the Rules Governing § 2254 Cases in the United States District Courts. In addition, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that if it

plainly appears from the face of the petition and any exhibits thereto that the petition is not entitled to relief in the district court, the judge shall make an order for its summary dismissal.

Although Petitioner did not disclose the First Prior Petition or Second Prior Petition in the Petition, see Petition at 7, it is clear from the face of the Petition that the present Petition is a successive petition attacking the same conviction and sentence in San Bernardino County Superior Court, Case No. FSB-09120. The fact that the First Prior Petition was dismised as time-barred is of no consequence. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)). There is no indication in the record that Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition. A district court does not have jurisdiction to consider a second or successive petition absent authorization from the Ninth Circuit. Burton v. Stewart, 549 U.S. 147, 152, (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (citation and quotation marks omitted)).

Here, the Petition is a second or successive petition challenging the same conviction and sentence imposed by the same judgment of the state court as in the First and Second Prior Petitions. Accordingly, the Court will dismiss the Petition without prejudice to Petitioner to file a new action if and when he obtains permission to file a successive petition. (If petitioner obtains permission to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action nor

should he use this case number from this action because the instant action will be closed today. If and when Petitioner files an new petition, the Clerk will give the petition a new case number.)

## ORDER

Based on the foregoing, IT IS THEREFORE ORDERED that judgment be entered summarily dismissing the Petition without prejudice for lack of jurisdiction.

Dated: April 17, 2014.

*S. James Otero*

S. JAMES OTERO
United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge